# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT J. GOINS and
NICKOLAS BOULTON,

     Plaintiffs,

        v.

TONA L. GOINS and
NATIONAL ELECTRICAL ANNUITY
PLAN,

     Defendants.

Case No. 16-cv-01281-JPG-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Tona L. Goins' Motion [Doc. 32] to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and defendant National Electrical Annuity Plan's ("NEAP") Motion [Doc. 33] to Join defendant's Tona Goins' Motion to Dismiss. The plaintiffs filed timely responses [Docs. 34 & 35]. Plaintiffs' response to NEAP's motion to join does not state an objection[1] to NEAP joining in defendant Goins' motion to dismiss. Therefore, defendant NEAP's Motion to Join is granted.

1. **Background**.

This matter was initially filed in the Circuit Court of the First Judicial Circuit, Pulaski County, Illinois and removed to this Court based on 28 U.S.C. § 1331 because this case involves an employee pension benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA").

---

[1] Plaintiffs' response to the motion to join incorporates their response to the motion to dismiss and does not address whether joiner is proper or whether the plaintiffs have an objection to the joiner.

The plaintiffs are the sons, and only children, of Robert K. Goins, deceased. Tona L. Goins is his surviving spouse. According to the complaint, there was a dispute between the plaintiffs and Tona Goins with regard to the payment of Robert Goins' funeral expenses. The plaintiffs paid the funeral expenses in exchange for Tona Goins executing a Release and Satisfaction Agreement. The Release and Satisfaction Agreement states as follows:

> In consideration of the Goins Family being responsible for and paying the funeral expenses of ROBERT K. GOINS; I, TONA L. GOINS, surviving spouse of ROBERT K. GOINS, hereby state that I have received all amounts due to myself from any Estate of ROBERT K. GOINS, and state that I am fully satisfied and I hereby Release any further interest in any Estate of ROBERT K. GOINS. I also agree to sign any documents needed to accomplish the goals of this release and consent to any estate being closed.

The release was signed by Tona Goins and notarized on August 30, 2012. It was later determined that Robert K. Goins had a retirement account with NEAP valued at approximately $69,552.13. The plaintiffs filed this suit seeking injunctive relief to require NEAP to distribute the funds to the plaintiffs pursuant to the Release and to require Tona Goins to execute any and all documents necessary to facilitate NEAP's release of the funds to the plaintiffs.

2. **Standards.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the

grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*,

550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

3. **Analysis**.

Defendants move for judgment as a matter of law stating that there has never been an estate of Robert K. Goins and that, even if an estate had been established, the NEAP's funds are not an asset of any estate of Robert K. Goins, but property that vested in defendant Tona L. Goins upon the death of her husband. Defendants further argue that the funds must be distributed according to the requirements of the NEAP Plan. [Doc. 32].

Plaintiffs argue that this is a question of contract law and the contract was drafted, "with little or no consultation with experienced attorneys." [Doc. 34 at 2]. They further argue that the term "Estate" may go beyond the legal term to a layperson to include "all of one's property, be it real or otherwise, including assets that are not transferable and subject to probate." *Id* at 3. The plaintiffs request that this Court allow this matter "to proceed through discovery to discovery additional evidence regarding the Contract." *Id* at 5.

The purpose of ERISA is "to safeguard employees from the abuse and mismanagement of funds that had been accumulated to finance various types of employee benefits." *Massachusetts v. Morash*, 490 U.S. 107, 112-13 (1989) (citing *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 15 (1987)). To achieve these goals, "[i]t sets forth reporting and disclosure obligations for plans, imposes a fiduciary standard of care for plan administrators, and establishes schedules for the vesting and accrual of pension benefits." *Id.* at 113.

"[A] complaint reciting that the claim depends on the common law of contracts is *really* based on the Employee Retirement Income Security Act (ERISA) if the contract in question is a pension plan. Congress has blotted out (almost) all state law on the subject of pensions, so a complaint about pensions rests on federal law no matter what label its author attaches." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1075 (7th Cir. 1992). Further, "[w]hat goes for inconsistent state law goes for a federal common law of waiver that might obscure a plan administrator's duty to act "in accordance with the documents and instruments." *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 303 (2009). Plan administrators can not be required to view external document that may affect the awarding of benefits or get drawn in over the legality of waivers executed outside of the plans that they administer. *Id*. at 301.

In this case, Robert K. Goins' plan set out the procedures for payment of funds upon the participant's death. Specifically, it states that if the participant is married at the time of his death, the funds shall be paid to the surviving spouse or a designated beneficiary. [Doc. 32-1 at 14]. In order for the funds to be distributed to a designated beneficiary, Robert K. Goins would have had to elect against the Preretirement Surviving Spouse Benefit by designating a beneficiary and Tona L. Goins would have had to consent in writing to the beneficiary. Neither of these conditions occurred.

The rules governing retirement accounts under ERISA are clear and proceeding through discovery would be a waste of judicial resources. Robert K. Goins' designation of Tona Goins as his beneficiary was made in the manner required by his plan; Tona Goins' release was not. Therefore, defendants are entitled to summary judgment as a matter of law.

4.  **Conclusion.**

Defendant National Electrical Annuity Plan's Motion [Doc. 33] to Join defendant's Tona Goins'

Motion to Dismiss is **GRANTED**.   Defendant Tona Goins' Motion [Doc. 32] to Dismiss, in

which National Electrical Annuity Plan joins, is **GRANTED**.   This matter is **DISMISSED** with

prejudice.   The Clerk of Court is **DIRECTED** to enter judgment accordingly.

      **IT IS SO ORDERED.**

      **DATED:**  5/10/2017

                                 *s/J. Phil Gilbert*
                                 **J. PHIL GILBERT**
                                 **DISTRICT JUDGE**